## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN BENJAMIN,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **TRANS UNION, LLC, EQUIFAX** | ) | |
| **INFORMATION SERVICES LLC,** | ) | **JURY TRIAL DEMANDED** |
| **EXPERIAN INFORMATION** | ) | **NON-ARBITRATION** |
| **SOLUTIONS, INC., GTE FEDERAL** | ) | |
| **CREDIT UNION d/b/a GTE** | ) | |
| **FINANCIAL, LENDINGCLUB** | ) | |
| **CORPORATION, DENT-A-MED,** | ) | |
| **INC. d/b/a HC PROCESSING** | ) | |
| **CENTER, NORTHWEST FEDERAL** | ) | |
| **CREDIT UNION FOUNDATION,** | ) | |
| **CHARTWAY FEDERAL CREDIT** | ) | |
| **UNION, CACH, LLC and** | ) | |
| **NATIONAL CREDIT ADJUSTERS,** | ) | |
| **LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer, Nathan
Benjamin, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the
FCRA"), 15 U.S.C. §§ 1681, *et seq*. as amended, the Fair Debt Collection Practices Act, 15
U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and Telephone Consumer Protection Act, 47
U.S.C. §§ 227, et seq. (hereafter the "TCPA").

## JURISDICTION & VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Nathan Benjamin is an adult individual residing in Missouri City, Texas.

5.      Defendant, Trans Union, LLC ("Trans Union"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7.      Defendant, Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ 07054.

8.      Defendant, GTE Federal Credit Union d/b/a GTE Financial ("GTE Financial") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 711 S. Dale Mabry Hwy., Tampa, FL 33609.

9.      Defendant, Lendingclub Corporation ("Lendingclub") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 71 Stevenson St., Suite 300, San Francisco, CA 94105.

10.     Defendant, Dent-A-Med, Inc. d/b/a HC Processing Center ("HC Processing") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1833 South Morgan Road, Oklahoma City, OK 73128.

11.     Defendant, Northwest Federal Credit Union Foundation ("Northwest") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 200 Spring St., Suite 410, Herndon, VA 20170.

12.     Defendant, Chartway Federal Credit Union ("Chartway") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 160 Newtown Rd., Virginia Beach, VA 23462.

13.     Defendant CACH LLC ("CACH") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80202. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

14.     Defendant National Credit Adjusters, LLC ("NCA") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 327 West Fourth Street, Hutchinson, KS 67504. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

15.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

16.     The inaccurate information includes, but is not limited to, accounts with GTE Federal Credit Union, LendingClub Corporation, HC Processing Center, Northwest Federal Credit Union, Chartway Federal Credit Union and Cach LLC.

17.     Further, at all pertinent times hereto, CACH and NCA were hired to collect debts relating to fraudulent accounts that were opened as a result of identity theft committed against Plaintiff.

18.     The alleged debts at issue being collected upon by CACH and NCA arose out of a transaction which was primarily for personal, family or household.

19.     At all times material hereto, Plaintiff does not and has never owed to debt to CACH and NCA.

20.     CACH and NCA further have been engaging in collection activity against Plaintiff in connection with the debt by reporting the accounts to the credit reporting agencies Experian, Equifax and TransUnion (previous abbreviated as "inaccurate information").

21.     In or around November 2014, NCA began contacting Plaintiff by placing telephone calls to his cellular telephone in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.  Plaintiff advised NCA that he is a victim of identity theft and that he is not responsible for the debt.

22.     At all times pertinent hereto, Defendant NCA made use of an automatic telephone dialing system or pre-recorded voice messages to contact Plaintiff on his cellular telephone on multiple occasions.

23.     Notwithstanding the above, NCA continued contacting Plaintiff numerous times since November 2014 by placing calls to Plaintiff's cellular telephone with the intent to annoy, abuse and harass Plaintiff.

24.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

25.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

26.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian to their representatives by following Trans Union, Equifax and Experian's established procedures for disputing consumer credit information.  With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Trans Union, Equifax and Experian, pursuant to 15 U.S.C. § 1681a(q)(4).

27.     Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from May 2014 through the present.

28.     Notwithstanding Plaintiff's efforts, Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Trans Union, Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least May 2014 through the present.

29.     Despite Plaintiff's efforts, Trans Union, Equifax and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained

any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

30.     Notwithstanding Plaintiff's disputes, GTE Financial, Lendingclub, HC Processing, Northwest, Chartway, and CACH furnishers of the inaccurate information, have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

31.     Despite Plaintiff's exhaustive efforts to date, Defendants Trans Union, Equifax, Experian,  GTE Financial, Lendingclub, HC Processing, Northwest, Chartway, and CACH have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

32.     Defendants CACH and NCA knew or should have known that their actions violated the FDCPA and/ or TCPA. Additionally, these Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

33.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

34.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

35.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION, EQUIFAX AND EXPERIAN
## VIOLATIONS OF THE FCRA

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

38.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

39.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

40.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b) and 1681i.

41.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full

amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – GTE FINANCIAL, LENDINGCLUB, HC PROCESSING, NORTHWEST, CHARTWAY AND CACH VIOLATIONS OF THE FCRA

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     At all times pertinent hereto Defendants were each a "person" as that term defined by 15 U.S.C. § 1681a(b).

44.     At all times pertinent hereto Defendants were each a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

45.     Defendants violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

46.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT III – CACH AND NCA VIOLATIONS OF THE FDCPA

47.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.     Defendants are "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

49.     Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

50.     The above contacts between Defendants and Plaintiff, disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

51.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

52.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a)  Communicating with a non-debtor on more than one occasion;

    (b)  Communicating with any person other than the consumer in connection with collection of the debt;

    (c)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (d)  The false representation of the amount, character, or legal status of the debt;

    (e)  The use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

    (f)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(g) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

53. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

54. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT IV – NCA
## VIOLATIONS OF THE TCPA

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

57. Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system and using pre-recorded voice message to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

58. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

59. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Treble damages;

(d)     Punitive damages;

(e)     Costs and reasonable attorney's fees; and

(f)     Such other and further relief as may be necessary, just and proper.


                                        Respectfully Submitted,

                                        **FRANCIS & MAILMAN, P.C**.

                            BY:    */s/ Mark D. Mailman*
                                        MARK D. MAILMAN, ESQUIRE
                                        GREGORY J. GORSKI, ESQUIRE
                                        Land Title Building, 19th Floor
                                        100 South Broad Street
                                        Philadelphia, PA 19110
                                        (215) 735-8600

                                        Attorneys for Plaintiff

Dated: December 16, 2014