IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN BENJAMIN, | : | CIVIL ACTION |
| Plaintiff | : | No. 2014-cv-07098 |
| v. | : | |
| TRANS UNION, LLC, et al. | : | |
| Defendants | : | |
| | : | |
| | : | |

**MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e) OF DEFENDANTS, NORTHWEST FEDERAL CREDIT UNION AND CHARTWAY FEDERAL CREDIT UNION**

AND NOW, defendants, Northwest Federal Credit Union (incorrectly identified as Northwest Fereral Credit Union Foundation) (herein: "Northwest") and Chartway Federal Credit Union (herein: "Chartway"), by and through their counsel, Litchfield Cavo LLP, hereby file the instant Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) or, in the alternative, Motion for More Definite Statement pursuant to F.R.C.P. 12(e), and in support thereof aver as follows:

**I.      BRIEF STATEMENT OF BASIS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT**

1.      Plaintiff, Nathan Benjamin, filed the instant Civil Action Complaint (herein: "Complaint") with this Court under Docket No. 2:14-cv-07098 against all three of the major credit reporting bureaus, against various debt collection agencies and against a number of lenders, including Northwest and Chartway.

2.      Count I of plaintiff's Complaint asserts a cause of action against the Credit Reporting Bureau Defendants as "consumer reporting agencies" under the Fair Credit Reporting Act ("FRCA"). Count II asserts a

cause of action under the FRCA against Northwest, Chartway and others as "furnishers of information." A copy of plaintiff's Complaint is attached hereto as Exhibit 1.

3.   As set forth in greater detail below, plaintiff's Complaint must be dismissed as to Northwest and Chartway, as this Court lacks personal jurisdiction over either entity.

4.   Should the Court determine that it may exercise personal jurisdiction over Northwest and/or Chartway, plaintiff should be required to replead, as the allegations in plaintiff's Complaint are insufficiently vague.

## II.   THE PARTIES INVOLVED IN THIS LAWSUIT

5.   Plaintiff, Nathan Benjamin, is an adult individual who, upon information and belief, resides in the state of Texas.  See Exhibit 1 at ¶ 4.

6.   The Credit Reporting Bureau Defendants are, upon information and belief, business entities that regularly conduct business in Pennsylvania.  See Exhibit 1 at ¶¶ 5-7.

7.   As plaintiff's Complaint acknowledges, Northwest is a federal credit union with a principal place of business in Herndon, Virginia.  See Exhibit 1 at ¶ 11.

8.   Contrary, to plaintiff's assertions, Northwest does not regularly conduct business in the Eastern District of Pennsylvania. See Exhibit 1 at ¶ 11.

9.   Plaintiff's Complaint further acknowledges that Chartway is a federal credit union with a principal place of business in Virginia Beach, Virginia.  See Exhibit 1 at ¶ 12.

10.   Contrary, to plaintiff's assertions, Chartway does not regularly conduct business in the Eastern District of Pennsylvania. See Exhibit 1 at ¶ 12.

## III.   UNDISPUTED FACTS SUPPORTING THE DISMISSAL OF PLAINTIFF'S COMPLAINT

11.   Plaintiff alleges that over the course of an unidentified period of time, each of the above-referenced defendants reported unidentified "derogatory and inaccurate information" relating to plaintiff to unidentified third parties. See Exhibit 1 at ¶ 15.

12.     The Complaint does not identify what information was allegedly inaccurate.

13.     Plaintiff further alleges that such inaccurate information somehow pertained to accounts with Northwest and Chartway and various other defendants.  See Exhibit 1 at ¶ 16.

14.     Further, plaintiff's Complaint includes boilerplate allegations that unidentified employees of all defendants somehow acted "willfully" at unidentified times.  See Exhibit 1 at ¶ 30.

## IV.     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

15.     The Due Process Clause of the Fourteenth Amendment guarantees that *in personam* jurisdiction may only be asserted over a nonresident defendant corporation if that defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

16.     This due process analysis is broken into a two-part inquiry. The first part focuses on whether the defendant has minimum contacts with the forum "such that [he] should reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The second part focuses on whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316.

17.     A court may exercise personal jurisdiction over a defendant if the defendant has specific or general contacts with the forum. Specific jurisdiction is appropriate only if the cause of action is related to or arises out of the defendant's forum-related activities, so that it should reasonably expect to be haled into court. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* 75 F.3d 147, 151 (3d Cir. 1996); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8 (1984). The defendant must have "purposefully directed his activities at residents of the forum" and the litigation must have resulted from alleged injuries that "arise out of or relate[ ] to those activities." *BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.,* 229 F.3d 254, 259 (3d Cir. 2000) (internal quotations omitted). This determination is both claim-specific and defendant-specific. *See Remick v. Manfredy,* 238 F.3d 248, 255–56 (3d Cir. 2001).

18.     If the claims asserted in the lawsuit do not "arise out of" the defendant foreign corporation's activities, a court may still assert general personal jurisdiction over the defendant corporation if the corporation has "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. at 414–16.

19.     Plaintiff's causes of action against Northwest and Chartway not related to any activities related to Pennsylvania. Accordingly, specific jurisdiction is not appropriate.

20.     Further, plaintiff's Complaint neither identified, nor do Northwest and/or Chartway have, any continuous and systematic contacts with Pennsylvania.

21.     Accordingly, Northwest and Chartway are not subject to personal jurisdiction in this matter.

**V.     MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

22.     Rule 12(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), provides in its relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

*Lopez v. Ortiz*, 2014 WL 1379682 (D.P.R. 2014) (conclusory allegations that defendants violated "the Fifth, Eighth and Fourteen Amendments of the Constitution of the United States" deemed insufficiently vague).

23.     Like the conclusory allegations at issue in *Lopez*, plaintiff's Complaint merely asserts conclusory allegations that each of the various defendants generally violated their obligations under the FCRA in disseminating unidentified "incorrect information" at unidentified times to unidentified third parties. See Exhibit 1 at ¶ 15.

24.     The Complaint is devoid of any factual allegations whatsoever as to what information plaintiff claims was inaccurate, the actual parties or persons who allegedly disseminated such information, to whom such information was allegedly disseminated, or for that matter when such instances occurred.

25.      Absent some indication of the nature of the information plaintiff alleges was inaccurate, Northwest and Chartway can neither admit nor deny whether they ever disseminated any such information to third parties, let alone whether any of their employees did so intentionally.

26.      Similarly, without some indication of the dates on which such instances occurred, Northwest and Chartway are unable to identify the information at issue or to admit or deny whether such transmissions occurred intentionally.

WHEREFORE, defendants, Northwest Federal Credit Union and Chartway Federal Credit Union, respectfully requests this Honorable Court grant the instant Motion to Dismiss and enter an Order in the form annexed hereto.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By:     _____
WILLIAM H. CATTO, ESQ.
SEAN R. RILEY, ESQ.
*Attorneys for Defendants,*
*Northwest Federal Credit Union and Chartway Federal*
*Credit Union*

Date: April 10, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATHAN BENJAMIN,                        :

        Plaintiff                       :        CIVIL ACTION

        v.                              :        No.  2014-cv-07098

TRANS UNION, LLC, et al.                :

        Defendants                      :

                                        :

                                        :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e) OF DEFENDANTS NORTHWEST FEDERAL CREDIT UNION AND CHARTWAY FEDERAL CREDIT UNION

## I.   BRIEF STATEMENT OF THE CASE

For purposes of brevity and judicial economy, Northwest and Chartway incorporate their well-pleaded Motion, as though it were set forth here.

The gravamen of the instant Motion to Dismiss is that Northwest and Chartway are not subject to personal jurisdiction in this matter.  In the alternative, Northwest and Chartway present a Motion for a More Definite Statement, as the conclusory averments asserted against the various defendants are insufficiently vague to permit Northwest or Chartway to admit or deny.  Accordingly, plaintiff's Complaint should be dismissed, or, in the alternative, plaintiff should be required to file an Amended Complaint setting forth the facts underlying his cause of action with greater particularity.

## II.   QUESTIONS PRESENTED

A.   Whether Northwest and Chartway can be subject to personal jurisdiction in Pennsylvania when the events at issue did not take place in Pennsylvania, nor do Northwest or Chartway have continuous and systematic contacts with Pennsylvania.

Suggested Answer: No.  Northwest and Chartway are not subject to personal jurisdiction in Pennsylvania.

B.    In the alternative, whether the allegations in plaintiff's Complaint are insufficiently vague?

      <u>Suggested Answer</u>:  Yes.  As the Complaint does not identify what information plaintiff claims was inaccurate, to whom such information was allegedly transmitted, or when such transmissions allegedly occurred, Northwest and Chartway can neither admit nor deny such allegations.

## III.   LEGAL ARGUMENT

### A.    Standard of Review

      Defendant moves for dismissal of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a 12(b)(6) motion to dismiss, the plaintiffs must "set forth sufficient information to outline the elements of the claims or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  This means plaintiffs must plead facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The factual claims must be accepted as true and viewed in the light most favorable to the plaintiffs, but a court is not bound to accept as true unsupported conclusions or conclusory allegations. *In re Tower Air, Inc.*, 416 F.3d 229, 236 (3d Cir. 2005); *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A motion to dismiss should be granted under Rule 12(b)(6) if the moving party has established the plaintiffs would not be entitled to relief under any reasonable reading of the complaint. *Brown v. Card Service Center*, 464 F.3d 450, 452 (3d Cir. 2006).

### B.    Motion to Dismiss for Lack of Personal Jurisdiction

      This Court has succinctly summarized the standard for determining whether it may assert personal jurisdiction over a corporation as follows:

> Fed.R.Civ.P. 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the forum state. *Time Share Vacation Club*, 735 F.2d at 63 (3d Cir.1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).
>
> The Due Process Clause of the Fourteenth Amendment guarantees that *in personam* jurisdiction may only be asserted over a nonresident defendant corporation if that defendant has "certain minimum contacts with [the forum] such

that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quotation omitted). This due process analysis is broken into a two-part inquiry. The first part focuses on whether the defendant has minimum contacts with the forum "such that [he] should reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The second part focuses on whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316, 66 S.Ct. 154. […]

A court may exercise personal jurisdiction over a defendant if the defendant has specific or general contacts with the forum. Specific jurisdiction is appropriate only if the cause of action is related to or arises out of the defendant's forum-related activities, so that it should reasonably expect to be haled into court. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* 75 F.3d 147, 151 (3d Cir.1996); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The defendant must have "purposefully directed his activities at residents of the forum" and the litigation must have resulted from alleged injuries that "arise out of or relate[ ] to those activities." *BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.,* 229 F.3d 254, 259 (3d Cir.2000) (internal quotations omitted). This determination is both claim-specific and defendant-specific. *See Remick v. Manfredy,* 238 F.3d 248, 255–56 (3d Cir.2001).

\* \* \*

If the claims asserted in the lawsuit do not "arise out of" the defendant foreign corporation's activities, a court may still assert general personal jurisdiction over the defendant corporation if the corporation has "continuous and systematic" contacts with the forum state. *Helicopteros,* 466 U.S. at 414–16, 104 S.Ct. 1868.

*Action Mfg. Co., Inc. v. Simon Wrecking Co.,* 375 F. Supp. 2d 411, 419-20 (E.D. Pa. 2005).

Plaintiff's Complaint does not allege that any events pertinent to plaintiff's cause of action occurred in Pennsylvania. See Exhibit 1. On the contrary, plaintiff admits that he is a Texas resident and both Northwest and Chartway are based in Virginia. *See* Exhibit 1 at ¶¶ 11-12. However, plaintiff nonetheless asserts that both Northwest and Chartway "regularly conducts business in the Eastern District of Pennsylvania." See Exhibit 1 at ¶¶ 11-12. There is simply no factual basis for this assertion. As the events at issue did not occur in Pennsylvania, nor do Northwest or Chartway have continuous and systematic contacts with Pennsylvania, Northwest and Chartway are not subject to jurisdiction in Pennsylvania.

Plaintiff also appears to suggest that jurisdiction is proper pursuant to the Fair Credit Reporting Act, specifically 15 U.S.C. §1681p.  See Exhibit 1 at ¶ 2.  However, Courts have held that the foregoing section merely establishes a statute of limitations and is silent as to the question of personal jurisdiction.  *See White v. Hillcrest Davidson & Associates*, 952 F. Supp. 2d 80, 82 (D.D.C. 2013) ("The statute does not purport to deal with the question of personal jurisdiction, and the plaintiff does not indicate any particular provision of the FDCPA or CPPA relevant to this discussion").  Accordingly, §1681p does not excuse plaintiff from establishing personal jurisdiction.

## C.    Alternative Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), provides in its relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

*Lopez v. Ortiz*, 2014 WL 1379682 (D.P.R. 2014) (conclusory allegations that defendants violated "the Fifth, Eighth and Fourteen Amendments of the Constitution of the United States" deemed insufficiently vague).

Like the conclusory allegations at issue in *Lopez*, plaintiff's Complaint merely asserts conclusory allegations that each of the various defendants generally violated their obligations under the FCRA in disseminating incorrect information. See Exhibit 1 at ¶ 15. The Complaint is devoid of any factual allegations whatsoever as to what information plaintiff claims was inaccurate, the actual parties or persons who allegedly disseminated such information, to whom such information was allegedly disseminated, or for that matter when such instances occurred.  Absent some indication of the nature of the information plaintiff alleges was inaccurate, Suncoast can neither admit nor deny whether it ever disseminated any such information to third parties, let alone whether any of its employees did so intentionally.  Similarly, without some indication of the

dates on which such instances occurred, Northwest and Chartway are unable to identify the information at issue or to admit or deny whether such transmissions occurred intentionally.

## IV.    CONCLUSION

Based on the facts and case law referenced above, plaintiff's Complaint should be dismissed as to Northwest and Chartway for lack of personal jurisdiction. Alternatively, plaintiff should be required to file an Amended Complaint identifying the inaccurate information at issue, as well as the circumstances surrounding the alleged dissemination thereof, including the persons to whom such information was disseminated, the dates on which such events occurred and the employees allegedly responsible therefor in order to allow Northwest and Chartway to be able to admit or deny such allegations.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

Date: April 10, 2015

By:

WILLIAM H. CATTO, ESQUIRE
SEAN R. RILEY, ESQUIRE
Suite 1220 | 1515 Market Street
Philadelphia, PA 19102
*Attorneys for Defendants,*
*Northwest Federal Credit Union*
*and Chartway Federal Credit Union*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN BENJAMIN, | : |
| | :    CIVIL ACTION |
|     Plaintiff | : |
| | :    No.  2014-cv-07098 |
|     v. | : |
| | : |
| TRANS UNION, LLC, et al. | : |
| | : |
|     Defendants | : |
| | : |
| | : |
| | : |

## CERTIFICATE OF SERVICE

I, Sean R. Riley, Esquire, do hereby certify that a copy of Defendants' Motion to Dismiss was electronically filed and served on this 10th day of April, 2015, upon all counsel of record by ECF.

LITCHFIELD CAVO LLP

By:
    SEAN R. RILEY, ESQUIRE
    Suite 1220
    1515 Market Street
    Philadelphia, PA  19102
    ID No.: 208292
    215-557-0111

*Attorneys for Defendant,*
*Suncoast Credit Union*