# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN BENJAMIN,<br>    *Plaintiff*,<br> v.<br>TRANS UNION, LLC, *et al.*,<br>    *Defendants*. | CIVIL ACTION<br>NO. 14-07098 |

## MEMORANDUM

**PAPPERT, J.**                                            **May 26, 2015**

   Plaintiff Nathan Benjamin ("Benjamin") claims he was the victim of identity theft. He brings this action against various credit reporting agencies, financial entities and debt collection companies under the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act. Benjamin alleges that he has been subjected to abusive and harassing tactics by the defendant debt collectors who tried to force him to pay debts which are not his. Benjamin further contends that the defendant credit reporting agencies and financial entities failed to follow proper procedures when reporting on and furnishing information about his credit history, which resulted in their reporting inaccurate information about Benjamin's credit to third parties. As a result, Benjamin's credit has been damaged, despite his "exhaustive efforts" in filing disputes with defendants about the inaccurate information.

   Before the Court is Defendants Northwest Federal Credit Union and Chartway Federal Credit Union's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for a More Definite Statement (ECF No. 39), and Benjamin's response in opposition. (ECF No. 40.) The Court denies the motion without prejudice and provides Benjamin the opportunity to conduct jurisdictional discovery.

**Discussion**

Defendants Northwest Federal Credit Union ("Northwest") and Chartway Federal Credit Union ("Chartway") (collectively, "moving defendants") have moved to dismiss the complaint on the ground that this Court lacks personal jurisdiction over them.[1]  Particularly, Northwest and Chartway argue that they both are federal credit unions with principal places of business in Virginia and they do not regularly conduct business in the Eastern District of Pennsylvania. (Mot. Dismiss ¶¶ 7-10.)  Northwest and Chartway further contend that Benjamin is a Texas resident and that none of the events at issue in this case occurred in Pennsylvania.  (Mem. in Supp. of Mot. Dismiss 3.)

In response, Benjamin states that he has a reasonable basis to believe that Northwest and Chartway "have a significant and substantial customer and member base in Pennsylvania and solicit products and services in Pennsylvania that are of a continuous and systemic nature so as to confer personal jurisdiction" over them.  (Pl.'s Opp'n to Mot. Dismiss 1.)[2]  Benjamin specifically points to the fact that Northwest's website indicates it is licensed to sell automobile and home insurance in Pennsylvania; that Northwest and Chartway have a cooperative of ATM locations throughout the Eastern District of Pennsylvania; and that Northwest and Chartway have member companies that are headquartered or have significant business operations in Pennsylvania.  (*Id*. at 3-6.)  Benjamin asks for leave to conduct jurisdictional discovery to determine whether

---

[1] Although Northwest and Chartway title their motion as one pursuant to Federal Rule of Civil Procedure 12(b)(6), their argument regarding lack of personal jurisdiction is properly brought under Rule 12(b)(2).  *Compare* Fed. R. Civ. P. 12(b)(2) (listing "lack of personal jurisdiction" as grounds for a defense) *with* Fed. R. Civ. P. 12(b)(6) (listing "failure to state a claim upon which relief can be granted" as grounds for a defense).  To the extent that Northwest and Chartway argue that lack of personal jurisdiction is grounds for dismissal under Rule 12(b)(6), the Court rejects that argument.

[2] As Benjamin's brief in opposition lacks pagination, all citations to it in this memorandum will refer to ECF page numbers.

Northwest and Chartway have the necessary "minimum contacts" in Pennsylvania for the Court to exercise personal jurisdiction over them.[3]

In reviewing a motion to dismiss under Rule 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted). A motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings," *i.e.*, "whether *in personam* jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Once the defense has been raised, "then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alone." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.,* 673 F.2d 700 (3d Cir. 1982)).

The Third Circuit has instructed that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983); *cf. Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). A plaintiff's jurisdictional claim is "clearly frivolous" where the plaintiff only makes "a mere unsupported allegation that the defendant 'transacts business' in an area." *Mass. Sch. of Law at Andover v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997). Jurisdictional discovery is particularly suitable for business

---

[3] Northwest and Chartway never filed a reply to Benjamin's opposition brief and have not objected to Benjamin's request for jurisdictional discovery.

entities and the question of whether they are "doing business" in the state versus cases where the defendant is an individual. *Id.* (citations omitted).

While expressing no opinion on the ultimate issue of whether there is personal jurisdiction over Northwest and Chartway, the Court sees nothing frivolous about Benjamin's jurisdictional claims. Benjamin has alleged sufficient factual bases (*i.e.*, a state insurance license, ATM network, and resident membership) to form a reasonable belief that Northwest and Chartway have a consumer base and possibly minimum contacts in Pennsylvania. Where, as here, the information about moving defendants' Pennsylvania business activities lies in the sole possession of Northwest and Chartway, Benjamin should have the opportunity to conduct jurisdictional discovery to cure the informational imbalance. *See Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212-13 (3d Cir. 2013) (holding that the district court abused its discretion in denying jurisdictional discovery because plaintiff was hindered by an imbalance in access to defendant's business-related information).

Finally, the Court is unpersuaded by Northwest and Chartway's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of a claim, motions for a more definite statement are "highly disfavored." *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370-71 (E.D. Pa. 2011) (citation omitted). Therefore, Rule 12(e) motions will be granted only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Id.*; *accord Thomas v. Independence Twp.*, 463 F.3d

4

285, 301 (3d Cir. 2006). "Typically, courts restrict the use of this motion to pleadings suffering from unintelligibility rather than the want of detail." *Konold v. Superior Int'l Indus. Inc.*, 911 F. Supp. 2d 303, 309 (W.D. Pa. 2012) (quotation omitted); *accord Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating that relief under Rule 12(e) is appropriate only when "a pleading fails to specify the allegations in a manner that provides sufficient notice.").

In their motion, Northwest and Chartway argue that they need a more definite statement because the complaint "merely asserts conclusory allegations that each of the various defendants generally violated their obligations under the FCRA in disseminating unidentified 'incorrect information' at unidentified times to unidentified third parties." (Mot. Dismiss ¶ 23.) But a close reading of the complaint makes clear that Benjamin has provided enough information to give Northwest and Chartway sufficient notice of the claims against them. Benjamin alleges that Northwest and Chartway reported inaccurate information to third parties about his credit history and accounts he held at their credit unions. (Compl. ¶¶ 15-16.) Benjamin explains that this "inaccurate information consists of accounts and/or tradelines for which [he] has no responsibility and which are believed to be the result of fraud." (*Id.* ¶ 24.) Benjamin further pleads that notwithstanding the various disputes he lodged, Northwest and Chartway "failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed." (*Id.* ¶ 30.) Benjamin brings one count against Northwest and Chartway for FCRA violations under 15 U.S.C. §§ 1681n-o. (*Id.* ¶ 45.)

While the complaint is not a paradigm of minutiae, it does contain enough specifics that Northwest and Chartway can be reasonably required to make a responsive pleading. *See, e.g.*,

*Konold*, 911 F. Supp. 2d at 314 ("Superior and Small Water can 'reasonably prepare a response' without knowing exactly which bar caused Mr. Konold to fall. . . . The fact that a better pleading may be possible if a more definite statement was ordered is not enough to warrant granting the Motion."); *Hughes v. Smith*, No. 03-cv-5035, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005) ("Defendants contend that Plaintiff has failed to describe what exercise he did or did not receive, or how much exercise is adequate. Plaintiff's claim, however, is not unintelligible, and therefore, the motion for a more definite statement is denied.").

Northwest and Chartway do not need to know the particular credit information Benjamin alleges they reported, who specifically they reported it to, and when exactly those reports occurred to fashion a response to the complaint regarding whether they ever violated §§ 1681n-o by furnishing Benjamin's credit information to a third party. The complaint's factual background and FCRA statutes under which Benjamin brings his claims provide a definite enough statement to Northwest and Chartway to give notice of the claims against them. *See Hickey v. Allstate Prop. & Cas. Ins. Co.*, 722 F. Supp. 2d 609, 616 (M.D. Pa. 2010) (finding that, by looking at elements of statute, definitions from case law, and other facts alleged in the complaint, assertion that "Defendant engaged in a pattern of conduct . . . which violates 42 Pa. C.S.A. § 8371" was not so vague that defendant was unable to frame a responsive pleading). "[T]he overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *Hughes*, 2005 WL 435226, at *4. Northwest and Chartway's motion for a more definite statement pursuant to Rule 12(e) is denied.

An appropriate order follows.

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.